STERLING COAL COMPANY, INC.

v.

UNITED AMERICAN BANK IN KNOXVILLE.

Civ. No. 3–78–330.

United States District Court, E. D. Tennessee, N. D.

March 29, 1979.

Harold B. Stone, Knoxville, Tenn., for plaintiff.

W. F. Shumate, Jr., William G. Cockrill, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under Section 106 of the Bank Holding Company Act Amendments of 1970, 12 U.S.C. § 1971 *et seq.* Specifically plaintiff alleges that defendant violated 12 U.S.C. § 1972 by placing a series of conditions upon the extension of credit to plaintiff. Defendant has moved for summary judgment. Plaintiff has filed a brief in opposition. The record shows that as to several of plaintiff's claims there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. Accordingly the Court grants defendant's motion in part. Fed.R.Civ.P. 56.

■ Plaintiff alleges that defendant violated Section 1972(1) by conditioning the grant and extension of credit upon the requirement that the defendant supervise and control plaintiff's checking account and other corporate affairs, including veto power over purchases and payment of dividends. Plaintiff alleges that defendant violated Section 1972(3) by requiring plaintiff to assume the personal liability of its two sole stockholders and requiring it to pay interest on the personal loans of one of the two stockholders. Plaintiff specifically alleges that plaintiff was forced to borrow $54,000 from a Nashville bank related to defendant, for the purpose of paying this interest.

The record demonstrates, and there is no dispute, that plaintiff obtained financing from defendant at a time at which it possessed few, if any, assets by which to secure any loans. The principal officer, whose personal liability plaintiff was forced to assume was, along with his wife, the sole stockholder of plaintiff. Section 1972 was not intended to interfere with the conduct of traditional banking practices. *Clark v. United Bank of Denver National Association,* 480 F.2d 235, 238 (10th Cir.), *cert. denied,* 414 U.S. 1004, 94 S.Ct. 360, 38

L.Ed.2d 240 (1973); *Swerdloff v. Miami National Bank,* 584 F.2d 54, 58 (5th Cir. 1978). The Act does not prohibit attempts by banks to protect their investments. These requirements, as demonstrated by this record, clearly were connected to the loans provided by the defendant. While there are many contested issues of fact in the record, they are not material to the resolution of these claims. The Court would be surprised indeed if a bank were to loan large sums to a new, closely held corporation without obtaining control over its disbursements and without requiring a corporate guarantee of the indebtedness of its sole stockholders.

■ Plaintiff's claim that it was forced to borrow $54,000 from a particular Nashville bank in order to pay interest on a loan must also be dismissed. While such a claim could amount to a violation of the Act, plaintiff has failed to allege or show any damages flowing from this requirement. Plaintiff could legitimately be required to pay interest on the loan to its major shareholder. Unless the further requirement that a particular bank provide the funds damaged plaintiff in some way, there could be no recovery under the Act.

■ The Court notes that it is granting summary judgment only as to certain of plaintiff's theories. The parties will proceed to trial upon plaintiff's theories that defendant required the utilization of defendant's legal counsel, that defendant required plaintiff to enter into an exclusive sales agreement with National Energy Resources and that defendant prohibited the utilization by plaintiff of banking services at other banks.

For the foregoing reasons it is ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted in part.

Order Accordingly.